**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CESAR AQUINO-CARRILLO, | No. 09-72569 |
| Petitioner, | Agency No. A098-950-315 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 12, 2014[**]

Before:     McKEOWN, WARDLAW, and M. SMITH, Circuit Judges.

Cesar Aquino-Carrillo, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Even if Aquino-Carrillo established an exception to excuse his untimely asylum application, substantial evidence supports the agency's finding that Aquino-Carrillo failed to show the government of Guatemala was or would be unwilling or unable to control the people he fears. *See Truong v. Holder*, 613 F.3d 938, 941 (9th Cir. 2010) (per curiam) (record did not compel finding petitioners faced persecution by the government or forces the government was unwilling or unable to control). Thus, Aquino-Carrillo's asylum claim fails.

Because Aquino-Carrillo did not meet the lower burden of proof for asylum, his claim for withholding of removal necessarily fails. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the agency's finding that Aquino-Carrillo failed to establish it is more likely than not that he would be tortured with the consent or acquiescence of the government if returned to Guatemala. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747-48 (9th Cir. 2008). Thus, Aquino-Carrillo's CAT claim fails.

**PETITION FOR REVIEW DENIED.**